UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOTERO VASQUEZ,)
)
    Petitioner,)
)
v. ) Civil Action No. 11-30145-KPN
)
COMMONWEALTH OF MASSACHUSETTS,)
)
    Respondent.)

REPORT AND RECOMMENDATION WITH REGARD TO
PETITIONER'S MOTION FOR AN EXTENSION OF TIME (Document No. 1)
June 13, 2011

NEIMAN, U.S.M.J.

Sotero Vasquez ("Petitioner"), proceeding *pro se*, has submitted a motion for an extension of time to file a petition for a writ of habeas corpus. For the reasons stated below, the court will recommend to the district judge, to whom this case will be reassigned, that the motion be denied.

I. BACKGROUND

On May 5, 2011, Petitioner, who is in state custody, filed his motion to extend time until August 12, 2011, the date by which he could file a petition for a writ of habeas corpus. Petitioner represents that: (1) he was not informed of the final decision of the state court until recently; (2) he speaks, reads, and writes only in Spanish, and the prison law books are only in English; and (3) he is awaiting "discovery" and "paperwork" from his attorney. Petitioner, however, has not filed a habeas petition under 28 U.S.C. § 2254 ("§ 2254"), and his present motion does not raise any ground for habeas relief.

II. DISCUSSION

Under 28 U.S.C. § 2244(d), a habeas petition challenging a state conviction is subject to a one-year period of limitations.[1]  Petitioner's motion for an extension of time of the one-year statute of limitations does not, however, present a case or controversy. As the First Circuit has explained, "Article III of the Constitution restricts federal courts to the resolution of actual cases and controversies." *Chico Serv. Station, Inc. v. Sol P.R. Ltd.*, 633 F.3d 20, 35 (1st Cir. 2011) (quoting *Overseas Military Sales Corp. v. Giralt-Armada*, 503 F.3d 12, 17 (1st Cir. 2007)).  This limitation "ensures that courts do not

---

[1] This statute provides:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254(d).

render advisory opinions." *Id.* (quoting *Overseas Military*, 503 F.3d at 16).

Here, because Petitioner has not filed an actual § 2254 petition or otherwise set forth grounds for habeas relief, there is no case or controversy to be heard or for this court to decide. In essence, the motion for extension of time asks the court to determine in advance whether the petition will be timely or time-barred if it is filed at some date in the future. Simply put, the court is without jurisdiction to entertain such a request. *See United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (district court lacked jurisdiction to consider motion for an extension of time to file a petition under 28 U.S.C. § 2255 ("§ 2255") where petitioner had not filed a petition challenging his conviction and his motion did not raise any potential grounds for relief[2]); *United States v. McFarland*, 125 F.3d Appx. 573, 574 (5th Cir. 2005) (per curiam) (federal court lacks jurisdiction to consider timeliness of § 2255 petition until it is actually filed); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (no case or controversy exists to adjudicate petitioner's motion to submit an untimely petition under § 2255 where petitioner had not yet filed an actual § 2255 petition or otherwise made allegations sufficient to support a claim for habeas relief); *see also Anderson v. Pennsylvania Attorney General*, 82 Fed. Appx. 745, 749 (3d Cir. 2003) (district court had jurisdiction to rule on motion for an extension of time to file a § 2254 petition where petitioner had set forth grounds for habeas relief).

---

[2] For purposes of determining the court's jurisdiction to entertain a motion for an extension of time to file a § 2254 petition, the differences between a § 2255 petition/motion and a § 2254 petition are immaterial.

3

The court also observes that it is unclear why Petitioner is seeking an extension of time until August 12, 2011, to file a § 2254 petition. According to electronically available state court records, Petitioner's direct appeal in the state court terminated on February 9, 2011. *See Commonwealth v. Vasquez*, 78 Mass App. Ct. 1108 (Nov. 10, 2010) (upholding conviction), *rev. denied*, 459 Mass. 1103 (Feb. 9, 2011). While the court is without sufficient information and jurisdiction at this time to determine the filing deadline for Petitioner, it appears that he has until at least February 9, 2012, to file a § 2254 petition. Further, in the event that the respondent in any future habeas action instituted by Petitioner raises the one-year period of limitation in 28 U.S.C. § 2244(d) as an affirmative defense, Petitioner will be free to argue that his petition was actually filed within the statutory period of limitations or that the filing deadline is subject to equitable tolling. *See Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004) (limitations period under § 2244(d)(1) one-year is not jurisdictional and therefore "can be subject to equitable tolling in appropriate cases").[3]

### III. CONCLUSION

For the reasons stated, the court recommends that Petitioner's motion for an extension of time to file a petition for a writ of habeas corpus be DENIED.[4]

---

[3] The court does not take a position as to whether equitable tolling would be applicable to Petitioner's petition.

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of

The Clerk is also DIRECTED to forward to Petitioner the form for filing a petition under 28 U.S.C. § 2254.

DATED: June 13, 2011

                                                   /s/   Kenneth P. Neiman
                                                 KENNETH P. NEIMAN
                                                 U.S. Magistrate Judge

---

Appeals of the District Court order entered pursuant to this Report and Recommendation. See *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.